# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:21-cr-00118-01** |
| | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **CORDELL CLARK** | ) | |

## MEMORANDUM and ORDER

Before the court is defendant Cordell Clark's objection to the United States' sentencing recommendation that Clark's prior Tennessee state conviction for facilitation of second degree murder be deemed a crime of violence ("COV") under U.S.S.G. § 4B1.2, for purposes of calculating his base offense level under U.S.S.G. § 2K2.1. For the reasons set forth herein, the court finds that the United States has not established that this prior conviction qualifies as a COV.

## I.      LEGAL STANDARDS

The question posed by his objection is whether the defendant's conviction under Tenn. Code Ann. § 39-11-403, a Class B felony, for facilitation of second degree murder qualifies as a COV under U.S.S.G. § 4B1.2. The United States bears the burden of proving by a preponderance of the evidence a defendant's previous conviction of a crime of violence. *United States v. Bernal-Aveja*, 414 F.3d 625, 627 (6th Cir. 2005).

To qualify as a COV, the offense of conviction must "ha[ve] as an element the use, attempted use, or threatened use of physical force against another," U.S.S.G. § 4B1.2(a)(1) (the "elements clause"), or be one of the offenses enumerated in § 4B1.2(a)(2) (the "enumerated offense clause"), none of which is at issue here. Typically, to determine whether an offense satisfies the "elements clause," courts use the "categorical approach." *Borden v. United States*, 141 S. Ct. 1817,

1822 (2021) (citing *Stokeling v. United States*, 139 S. Ct. 544, 555 (2019)). "Under that by-now-familiar method, applicable in several statutory contexts, the facts of a given case are irrelevant. The focus is instead on whether the elements of the statute of conviction meet the federal standard. Here, that means asking whether a state offense necessarily involves the defendant's 'use, attempted use, or threatened use of physical force against the person of another.'" *Id.* (quoting 18 U.S.C. § 924(e)(2)(B)(i)). Importantly, the Supreme Court has recently clarified that an offense that requires only a *mens rea* of recklessness does not qualify as a COV. *Borden*, 141 S. Ct. at 1822; *see id.* at 1825 (holding that the Tennessee offense of reckless aggravated assault did not qualify as a crime of violence for purposes of the Armed Career Criminal Act ("ACCA")).

Some statutes are "divisible"—that is, they "set[] out one or more elements of the offense in the alternative," "thereby defin[ing] multiple crimes." *Descamps v. United States*, 570 U.S. 254, 257 (2013); *Mathis v. United States*, 579 U.S. 500, 505 (2016)). "If at least one of the statute's alternative sets of elements categorically matches the . . . Guidelines elements clauses and at least one of the sets of elements does not," courts apply the "modified categorical approach." *United States v. Burris*, 912 F.3d 386, 393 (6th Cir. 2019) (en banc) (quoting *Descamps*, 570 U.S. at 257). Under this approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 579 U.S. at 505–06 (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). "The court can then compare that crime, as the categorical approach commands, with the relevant generic offense." *Id.* at 506. However, "if the *Shepard* documents in a particular case do not make clear under which subsection of the relevant statute a defendant was convicted, sentencing courts must 'presume that the conviction rested upon nothing more than the least of the acts criminalized.'" *Burris*, 912 F.3d at 406 (quoting *Moncrieffe v.*

*Holder*, 569 U.S. 184, 190–91 (2013)). In that scenario, because the conviction is presumed to rest on the version of the offense that does not match the "elements clause" of § 4B1.2, the conviction will not qualify as a COV. *Id.* at 393, 406; *accord Borden*, 141 S. Ct. at 1822, 1832.

Tennessee's facilitation statute, 18 U.S.C. § 39-11-403, states that a "person is criminally responsible for the facilitation of a felony, if, knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under § 39-11-402(2), the person knowingly furnishes substantial assistance in the commission of the felony.[1] A conviction of facilitation is "an offense of the class next below the felony facilitated by the person so charged." *Id.* § 39-11-403(b). Tennessee defined second degree murder at the time of Clark's conviction as:

> (1) A knowing killing of another; or
>
> (2) A killing of another that results from the unlawful distribution of any Schedule
> I or Schedule II drug, when the drug is the proximate cause of the death of the user.

Tenn. Code Ann. § 39-13-210(a) (2013).

## II.    ANALYSIS

Several precepts govern the analysis here. The first is that, in the case of a facilitation conviction under Tennessee law, the court is to look to the elements of the underlying offense that the defendant facilitated, in this case second degree murder, to determine whether the facilitation qualifies as a COV. *See, e.g.*, *United States v. Gloss*, 661 F.3d 317, 318 (6th Cir. 2011) (finding that facilitation of Tennessee aggravated robbery was a violent felony for purposes of the ACCA); *United States v. Chandler*, 419 F.3d 484, 487 (6th Cir. 2005) ("A reading of [the facilitation] statute indicates . . . that the specific underlying felony that a defendant is found guilty of

---

[1] Section 39-11-402(2) provides: "A person is criminally responsible for an offense committed by the conduct of another, if: . . . (2) Acting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense."

facilitating provides the substance of the criminal conviction, for to determine whether a defendant is guilty of facilitation . . . , the court must look to the underlying specific felony.").[2]

The second is that the statute defining second degree murder is divisible, because it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *United States v. Jackson*, No. 20-5769, 2021 WL 7909375, at \*2 (6th Cir. Mar. 30, 2021) (citing *Mathis*, 579 U.S. at 505)). Third, there is no question that a conviction for facilitation of second degree murder under Tenn. Code Ann. § 39-13-210(a)(1) (the "knowing killing of another") qualifies as a crime of violence. *Id.* However, subsection (a)(2) does not, under *Borden*, because it requires a *mens rea* of recklessness. *See State v. Rutherford*, No. E2019-00063-CCA-R3-CD, 2020 WL 587078, at \*9 (Tenn. Crim. App. Feb. 5, 2020) ("The requisite *mens rea* for second degree murder under [subsection (a)(2)] is that 'the killing be done recklessly as a result of unlawful distribution of a Schedule I or Schedule II drug.'" (quoting Tenn. Code Ann. § 39-13-210, Sentencing Comm'n Cmt.)).

In *United States v. Jackson*, the defendant had a prior conviction for facilitation of second degree murder. The district court, using the modified categorical approach, concluded that the prior conviction constituted a COV under U.S.S.G. § 4B1.2(a)(1)'s use-of-force clause. *Jackson*, 2021 WL 7909375, at \*1. On appeal, the defendant argued that the court had erred in applying a modified categorical approach to reach that conclusion, but the Sixth Circuit affirmed, finding, as set forth above, that the statute is divisible and that the district court had not erred in taking into consideration the indictment and the plea colloquy to determine that the defendant had pleaded guilty to facilitating a subsection (a)(1) second degree murder.

---

[2] This holding is perplexing, in light of the fact that "facilitation" requires a lesser degree of intent than that required for criminal responsibility under § 39-11-402(2).

There, however, the indictment reflected that the defendant was charged with "furnish[ing] substantial assistance to Jonathan Thomas [his co-defendant] in the commission of a felony, to wit: Murder First Degree, knowing at the time that . . . Thomas intended to commit the said felony." *Id.* at *2. In addition, during the plea colloquy, the defendant "acknowledged the accuracy of the government's statement of facts, including the fact that he provided Thomas with a clip of ammunition for an assault rifle, that Thomas fired multiple shots at the victim and killed him, and that he drove Thomas away from the scene." *Id.* Accordingly, the court had no trouble finding that the defendant had "pleaded guilty to facilitating the 'knowing killing' version of second-degree murder. And that version of second-degree murder is categorically a crime of violence." *Id.* at *2.

Contrary to the United States' assertion, however, the holding in *Jackson* is not controlling here. As an initial matter, it is clear that, while Clark's Indictment is the kind of *Shepard* document the court can consider in applying the modified categorical approach, the court cannot rely *solely* on the Indictment, because the offense to which Clark pleaded guilty is not the same as the offense charged in the Indictment. *See, e.g.*, *Dillard v. United States*, 768 F. App'x 480, 490 (6th Cir. 2019) ("In situations such as the one before us—where a defendant pleaded guilty to an uncharged offense and the record contains no plea colloquy, no plea agreement, and no other manner in which to connect the crime of conviction with the crime charged in the indictment—district courts applying the modified categorical approach cannot rely solely on the indictment to identify the precise crime of conviction."); *see also Bernal-Aveja*, 414 F.3d at 628 (holding that the district court erred in enhancing the defendant's sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), stating: 'Because Bernal-Aveja did not plead guilty to, and therefore was not actually convicted of, the aggravated burglary charge contained in the indictment, the indictment alone is insufficient to meet the government's burden of proving that Bernal-Aveja was previously convicted of a

'crime of violence.'").

Here, the only *Shepard* documents on which the United States relies in support of the COV finding are the Indictment and the Judgment. The Indictment charges first degree murder, but it does not contain any actual facts. Rather, it simply recites the elements of the charge: that the defendant and two co-defendants "unlawfully, intentionally, and with premeditation did kill" the victim. (Indictment.) In any event, the defendant did not plead guilty to that offense. As set forth in the Judgment, Clark pleaded guilty to "Facilitation of 2d Deg Murder 39-11-403." (Judgment.) The Judgment does not indicate which version of second degree murder the defendant facilitated. Thus, the Indictment and the Judgment, even considered together, do not establish which version of second degree murder the defendant pleaded guilty to facilitating.

Because the available *Shepard* documents do not clarify under which subsection of the second degree murder statute the defendant was convicted, the court "must 'presume that the conviction rested upon nothing more than the least of the acts criminalized.'" *Burris*, 912 F.3d at 406 (quoting *Moncrieffe*, 569 U.S. at 190–91 (2013)). That means here that the court must presume that Clark pleaded guilty to facilitating second degree murder under Tenn. Code Ann. § 39-13-210(a)(2), the *reckless* "killing of another that results from the unlawful distribution of any Schedule I or Schedule II drug." Because a crime with a *mens rea* of recklessness does not qualify as a COV, *Borden*, 141 S. Ct. at 1822, the United States has not carried its burden of proving that Clark's underlying conviction for facilitating second degree murder under Tennessee law qualifies as a COV for purposes of calculating his base offense level under the sentencing guidelines.

## III.    CONCLUSION AND ORDER

For the reasons set forth herein, the defendant's objection is well taken and is hereby **SUSTAINED**. The government has not proved by a preponderance of the evidence that Clark's prior conviction for facilitating second degree murder under Tennessee law constitutes a crime of

violence under U.S.S.G. § 4B1.2, for purposes of calculating his base offense level under U.S.S.G.

§ 2K2.1.

It is so **ORDERED**.

_____

ALETA A. TRAUGER
United States District Judge